## No. 80
## TRADE CIRCULAR CO. v.
## STATE BARREL CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5348.   Decided Dec. 1, 1924

1255 WARRANTY—Who must bear the burden of proof when there is breach of? Section 8391-8392 GC. followed.

LEVINE, J.
### Epitomized Opinion
Published only in Ohio Law Abstract

The Trade Circular Addressing Co. at the request of the State Barrel Co. agreed to furnish a mailing list of the names of 16,194 retail bakers. The Circular Addressing Co. warranted the list to be 95% correct if used within 30 days; charge for said list being $121.46. No payment being made, the Addressing Co. started an action in Municipal Court. Barrell Co. testified that of 100 names mailed, 50 were returned because of defective addresses; and Address Co. had refused to accept remainder of names. Judgment in that court was rendered in favor of the Barrel Co.

The one point involved is whether or not the Barrell Co. should bear the burden of proving the warranty was broken.

It being a foregone conclusion that if the names were not substantially correct the list would be useless; the warranty is in the nature of a condition precedent to the obligation of Barrel Co. to pay for same. This is easily made apparent when one sees that the warranty to the effect that list of names were to be 95% correct, went to the gist of the contract and was the single inducement for entering into it.

The Court of Appeals in affirming the judgment of the Municipal Court found:

The burden of proof is on the Circular Co.

Attorneys—C. L. Redman for Addressing Co. Harry F. Glick for Barrel Co., both of Cleveland.

---

## No. 81
## EFFROS v. STEUER

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5359.   Decided Dec. 1, 1924.

17. ACCORD and SATISFACTION—Dispute over ability to pay account and not over account does not constitute.

VICKERY P. J.
### Epitomized Opinion
Published only in Ohio Law Abstract

Henry Steuer brought action in the Cleveland Municipal Court against Harry Effros for $100 the balance of a dentist's bill, $50 already having been paid. Steuer admits having received and cashed a check of $50 from Effros endorsed on the back as follows: "Payment in full for services rendered to date." Also a letter not disputing the account, but complaining of financial embarrassment. Steur recovered a judgment of $105.10, including interest, in the Municipal Court.

On taking the case to the Court of Appeals, Effros claimed that acceptance of his check as endorsed, the lesser sum being "full payment" constituted an accord and satisfaction, acted as a bar to further recovery.

The Court of Appeals in affirming the judgment of the Municipal Court, held;

1. That the amount between Steuer and Effros was not unliquidated, or disputed as was held necessary to constitute accord and satisfaction in Grain Co. v. Conger. 83 OS. 169.

2. There must be a dispute over the account and not over ability to pay the account.

Attorneys—Harry Effros for Effros; S. N. Weitz for Steuer, both of Cleveland.